IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV233-03-MU

| | |
|---|---|
| MICHAEL C. VAUGHN, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| MECKLENBURG COUNTY JAIL et., al. | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed June 8, 2009. (Document No. 1.)

In his Complaint against the Mecklenburg County Jail, Sheriff Daniel Bailey, Mecklenburg County Jail medical staff; Ms. G. Clark and Dr. (LNU) Plaintiff contends that Defendants were deliberately indifferent to his medical needs. By way of relief, Plaintiff asks for $20,000,000.00 for the malpractice of the doctor; $10,000,000.00 for refusing his medical treatment; $10,000,000.00 for his pain and suffering and $10,000,000.00 for allowing his injury to go unchecked.

First, in order to establish municipal liability, a plaintiff must show that the city's policies caused the constitutional violation. Here, Plaintiff has not alleged any "policy," therefore, his claim against the county must be dismissed. Next, Plaintiff's claim against Sheriff Bailey must also be dismissed. Indeed, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Servs., 436 U.S. 658 (1978).

Turning to Petitioner's claims against Ms. Clark, the medical administrator, the medical staff and the doctor who treated Plaintiff. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order to be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need or risk of harm.  Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997).  Deliberate indifference may be demonstrated by either actual intent or reckless disregard.  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  However, mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).  Nor is claim stated by disagreements between inmate and physician.  Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975.)

According to Plaintiff, he had a staph infection ("mersa") in his left foot and went to medical in 2008 and the nurse soaked both his both his feet in Betadine solution together in the same tub.  Plaintiff explained to the nurse that he should not soak both feet in the same tub as the infection "grows in moisture."  Plaintiff contends that after he was "ordered" to soak his feet together, his other foot became infected.  The nurse then referred Plaintiff to the doctor who prescribed antibiotics.

Taking these allegations as true, Plaintiff has not stated a claim against the doctor or the nurse.  While the nurse may have made a mistake in soaking both feet together when one foot had a known infection, such action was at most, negligent and negligence in diagnosis or treatment does not state a constitutional claim.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Next, Plaintiff contends that he suffered a setback in March 2009 as he and the medical staff thought his infection was gone.  However, the infection returned and Plaintiff was treated with a ten days supply of Bactrim.  Plaintiff informed his doctor that ten days was not enough and the doctor disagreed.  At the end of the day course of medication, Plaintiff requested that the doctor order

specific medications and she refused stating that they were too expensive.  Instead, Plaintiff was given Clortimazale.  On April 18, 2009, Plaintiff claims he had to go to the emergency room because of excessive swelling caused by lack of proper medication.  Plaintiff was put back on Bactrim and Ibuprofen.  After Plaintiff was seen and treated in the emergency room, he claims that the doctor at Mecklenburg County Jail refused to see him stating "the feds need to come get you out of here, the County is not spending anymore money on your treatment."

Once again, taking all of Plaintiff's allegations as true, it appears to this Court that Plaintiff disagreed with the doctor regarding his treatment and specifically, his medications, however disagreements between inmate and physician do not state a constitutional claim for relief.  Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975.)  Plaintiff's own evidence establishes that he has been treated for his infections.  Indeed, he has been treated with antibiotics several times and treated in the emergency room.  While the doctor's comments about when are the feds were coming to get the Plaintiff may have been the result of some frustration and should not have been directed at the Plaintiff, the comment does not establish deliberate indifference to Plaintiff's medical condition.

Taking the allegations in Plaintiff's Complaint as true, such allegations do not state a claim for relief pursuant to 42 U.S.C. § 1983.  At most, Plaintiff's Complaint states a claim under state law for negligence or medical malpractice.  However, neither negligence not malpractice state a constitutional claim.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).  Therefore, Plaintiff's Complaint is dismissed for failure to state a claim for relief.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Complaint is Dismissed for failure to state a claim for relief;

2) Plaintiff's Motion fro an Evidentiary Hearing (Doc. No. 2) is Denied;

3) Plaintiff's Motion for the Appointment of Counsel is Denied (Doc. No. 2) as moot.

**SO ORDERED.**

Signed: June 16, 2009

Graham C. Mullen
United States District Judge